IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DARRELL L. BROXTON,**

        Petitioner,

    v.                          CASE NO. 14-3029-SAC

**FNU LNU,**

        Respondent.

## MEMORANDUM AND ORDER

This pro se action was filed as a petition for writ of mandamus by an inmate of the Wyandotte County Detention Center, Kansas City, Kansas. Having examined the materials filed, the court finds that the statutory filing fee prerequisite has not been satisfied and the petition is clearly deficient in several ways. Mr. Broxton is given time to cure these deficiencies.

## FILING FEE

The fees for filing a civil action in federal court total $400.00 and consist of the statutory fee of $350.00 under 28 U.S.C. § 1914(a) plus an administrative fee of $50.00; or for one that is granted leave to proceed in forma pauperis the fee is $350.00. The fee for filing a habeas corpus petition is $5.00. Mr. Broxton has neither paid the appropriate fee nor

1

submitted a Motion to Proceed without Prepayment of Fees.[1] This action may not proceed until the filing fee is satisfied in one of these two ways. Petitioner is given time to satisfy the filing fee and warned that if he fails to do so within the prescribed time, this action may be dismissed without prejudice and without further notice.

**ALLEGATIONS AND CLAIMS**

Petitioner asserts "numerous constitutnal (sic) and state statutory violations committed by Wyandotte County Kansas judicial system" and claims that he has been kidnaped by the judicial system. In addition, he asserts that his rights to a speedy trial under the Sixth Amendment, state statutory provisions regarding first appearance, and the Kansas State Bill of Rights were violated. Apparently as support for these assertions, petitioner generally complains of actions by the judge, the prosecutor, and his defense attorney during the course of his state criminal proceedings and claims that they conspired to "ignore the statutes." He alleges that: (1) Judge

---

[1] 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The clerk shall be directed to send petitioner forms for filing a proper motion under 28 U.S.C. § 1915(a).

Burdette knowingly acted "in violation of the Code of Judicial Conduct." He also alleges that his attorney Timothy Dupree did not provide competent representation, broke every rule of professional conduct, knew a K.S.A. 60-455 motion had no merit, failed to investigate, and failed to seek recusal and report misconduct. In addition, petitioner alleges rules violations, malicious disregard for rights, and misconduct by the prosecutor in "submitting evidence to the KBI lab a week before trial then ask (sic) for another continuance." Petitioner also implies that the prosecutor did not have probable cause to prosecute the charges against him in Case No. 13-CR-421.[2] He claims that he is "facing 50 years for murder he clearly didn't commit." Mr. Broxton seeks a reinvestigation as well as release from custody and dismissal of his criminal case with prejudice.

**SCREENING**

Because petitioner is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such

---

[2] Petitioner attaches several motions to his petition, which were filed pro se in his state criminal case. He does not explain the import of these motions, and the court does not consider them as part of the petition.

relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court is likewise required to screen a federal habeas corpus petition. Having examined all materials filed, the court finds that this action is subject to being dismissed as frivolous and for failure to state a claim.

**DISCUSSION**

Petitioner's many claims, including those of judicial bias, prosecutorial misconduct, incompetency of his former defense counsel, and questionable evidence are undoubtedly challenges to

4

his state criminal proceedings in Case No. 13-CR-421. He alleges that he has been charged with First Degree Murder, Auto Burglary and two counts of Theft, and that his preliminary hearing was held on August 30, 2013. However, he does not even reveal if he has already been tried and convicted or is still awaiting trial. In either circumstance, challenges to state criminal proceedings or a state conviction are not properly brought in federal court by way of a petition for writ of mandamus. Under 28 U.S.C. § 1651,[3] a United States District Court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* This court's mandamus power does not extend to state officials. Thus, this federal court has no authority to "direct state courts or their judicial officers in the performance of their duties." *Van Sickle v. Holloway*, 791 F.2d 1431, 1436, n.5 (10th Cir. 1986)(quoting *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970)); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998); *Brownfield v. Stovall*, 85 Fed.Appx. 123, 126-27 (10th Cir. 2003). State judges and state prosecutors are not subject to this court's mandamus authority. Attorneys acting as

---

[3] Petitioner does not cite the federal statute under which he seeks mandamus relief. However, where "the district court lack(s) jurisdiction to issue a mandamus writ pursuant to Section 1361, it also lack(s) any jurisdiction over Petitioner's Section 1651 request." *Cauthon v. Simmons*, 74 F.3d 1248 (10th Cir. 1996)(Table).

defense counsel are also not subject to federal mandamus authority and do not even act "under color of state law."  It follows that Mr. Broxton states no claim whatsoever for mandamus relief in this court.  Furthermore, because § 1361 grants relief only against federal officials, this court lacks jurisdiction over petitioner's mandamus claims.  *Cauthon*, 74 F.3d at 1248.

If petitioner has not yet been tried and convicted in state court, his claims in federal court are barred by *Younger v. Harris*, 401 U.S. 37, 45 (1971), which prohibits a federal court from interfering in ongoing state criminal proceedings.[4]  Once Mr. Broxton has been convicted in state court, the only proper way to seek review in federal court of such challenges is by petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Although the Court might construe the instant petition as

---

[4] "The Younger doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues."  *Buck v. Myers*, 244 Fed.Appx. 193, 197 (10th Cir. 2007)(citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003)); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 Fed.Appx. at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)); *Seneca–Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems."  *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)(citing *Younger*, 401 U.S. at 44-45).  "The classic example of" the *Younger* doctrine "is a federal suit to enjoin a pending state criminal proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004)(citations omitted).  Petitioner makes no attempt to satisfy his heavy burden of overcoming the bar of *Younger* abstention.

one brought pursuant to 28 U.S.C. § 2254 upon proper notice to petitioner, it declines to do so given that petitioner's having satisfied the statutory prerequisite to federal court review of exhaustion of state court remedies appears highly unlikely. It has long been settled that an application for writ of habeas corpus under either § 2254 (or 28 U.S.C § 2241) shall not be granted unless the petitioner has properly and fully exhausted all available state court remedies or demonstrated that such remedies are either unavailable or ineffective. 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion prerequisite, petitioner must have already presented the very issues raised in his federal petition to the trial court and ultimately to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction proceeding. *Picard v. Connor*, 404 U.S. 270 (1971).

The court notes other deficiencies in this petition. Mr. Broxton's citations to constitutional provisions are completely conclusory, and he utterly fails to provide facts from his own case to support any of his violations claims. His attachment of pro se motions that he filed in his state criminal proceedings do not serve to provide the requisite factual basis for any of his claims. Furthermore, petitioner's citations to state disciplinary rules and statutes and his bald allegations that

these state provisions were violated do not, without more, amount to a federal constitutional violation.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee prerequisite by either paying the proper fee in full or submitting a properly supported Motion to Proceed without Prepayment of Fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period petitioner is required to show cause why this action should not be dismissed for failure to state a claim and as frivolous for the reasons stated herein.

The clerk is directed to send 2254 and IFP forms to petitioner.

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**